```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
MARK S. DePALMA,
```

                       Plaintiff,

    -against-

**REPORT AND RECOMMENDATION**

THE COUNTY OF WESTCHESTER, THE
WESTCHESTER DISTRICT ATTORNEY'S
OFFICE, THE VILLAGE OF BRONXVILLE,
DETECTIVE STEPHEN GALLO of the Bronxville
Police, ASSISTANT WESTCHESTER COUNTY
DISTRICT ATTORNEY MARYANNE LIEBOWITZ,
ASSISTANT WESTCHESTER COUNTY DISTRICT
ATTORNEY GREG BARNHARD, MR. GEORGE
NIKIC of Bronxville, YMER XHUMALLARI, and
Friend of Ymer Xhumallari known and identified
by Detective Gallo of the Bronxville Police as
MR. SALANO or CELANO,

04 Civ. 1995 (SCR) (GAY)

                       Defendants.
--------------------------------------------------------------------X

TO THE HONORABLE STEPHEN C. ROBINSON, United States District Judge:

      Plaintiff Mark DePalma, proceeding *pro se*, brings this action pursuant to 42 U.S.C. §1983 and § 1985 seeking damages against defendants on the grounds of false arrest, malicious prosecution, abuse of process, conspiracy, selective enforcement and violation of equal protection. Plaintiff also asserts pendant state claims under New York law for negligence, defamation, intentional and negligent infliction of emotional distress, harassment, menacing, assault and battery. Plaintiffs claims arise from his arrests in the Village of Bronxville in December, 2001 and August, 2002 and from an incident which occurred in the Village of Bronxville in June, 2003. Presently before this Court

are the County defendants'[1] and the Village defendants'[2] motions to dismiss pursuant to Fed. R. Civ. Proc. 12(b)(1) and (6). For the reasons that follow, I respectfully recommend (1) that the County defendants' motion should be granted and (2) that the Village defendants' motion should be granted in part and denied in part.

## I. RULE 12(b)(6) STANDARD

In evaluating a motion to dismiss, this Court is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985). In doing so, the Court "must view all allegations raised in the complaint in the light most favorable to the non-moving party . . . and 'must accept as true all the factual allegations in the complaint.'" Newman & Schwartz v. Asplundh Tree Expert Co., Inc., 102 F.3d 660, 662 (2d Cir. 1996) (quoting Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163 (1993)) (citations omitted). For purposes of evaluating a 12(b)(6) motion, the complaint "is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002) (quotation and citation omitted). Further, *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). *Pro se* complaints and supporting papers must be read "liberally" and interpreted to "raise the strongest

---

[1] County of Westchester, Westchester District Attorney's Office and Assistant District Attorney Maryanne Liebowitz.

[2] Village of Bronxville, Detective Stephen Gallo and Officer Bobker.

2

arguments that they suggest." See Soto v. Walker, 44 F.3d 169, 173 (2d Cir. 1995) (quotation and citation omitted). A court should not dismiss a *pro se* complaint "for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Hughes v. Rowe, 449 U.S. 5, 10 (1980).

**II. FACTS**

The Court accepts as true the following facts taken from the Second Amended Complaint.

A. The December 2001 Arrest

On or about December 19, 2001, plaintiff told Bronxville Police Officer Bobker that, earlier that day, plaintiff had been accosted by a man (later identified as George Nikic) who violently damaged plaintiff's car. Bobker stated that he had been following plaintiff's car after observing its expired inspection sticker, and was certain that plaintiff had struck Nikic with his car. Bobker arrested plaintiff for leaving the scene of an accident with injury. The next day, plaintiff (accompanied by his mother) went to the Bronxville Police Station with photos of a handprint and footprint on plaintiff's car which, plaintiff contended, were proof of Nikic's "violent behavior." Plaintiff showed the photos to Bobker. Bobker stated that Nikic admitted that he violently kicked plaintiff's car.

In or around February or March, 2002, plaintiff appeared in Bronxville Village Court and entered a plea of not guilty to the charge of leaving the scene of an accident with injury. After the proceeding, Assistant District Attorney Bernhard "re-arrested" plaintiff and charged him with assault and reckless endangerment in connection with the

3

December 2001 incident. Plaintiff alleges that, although Bernhard knew of Nikic's admission to Bobker, Bernhard refused to modify the charges against plaintiff or file charges against Nikic. On December 5, 2002, following a bench trial, plaintiff was acquitted of assault and reckless endangerment.

    B. <u>The August 2002 Arrest</u>

In or around August, 2002, plaintiff was involved in a physical altercation with Ymer Xhumallari in the Village of Bronxville, near a store called Slave to the Grind. Plaintiff was arrested; no charges were filed against Xhumallari even though, plaintiff alleges, "it was clear to the prosecutor and police from unanimous sworn statements" that Xhumallari was the physical aggressor. Plaintiff was acquitted after a bench trial on August 20, 2003.

    C. <u>The June 2003 Incident</u>

In or around June, 2003, near Slave to the Grind, Xhumallari "questioned [p]laintiff's audacity in exercising his Constitutional rights to travel and liberty in a public place." Plaintiff claims that Xhumallari's "buddy" (later identified as "Celano" or "Salano") threatened plaintiff with bodily harm "if he continued to exercise his rights to travel and liberty in a public place." Plaintiff presented Detective Gallo with a tape recording of the incident. Gallo "checked with his superiors (known to be the Westchester County District [A]ttorney's Office)" and told plaintiff that no charges would be brought against Xhumallari or Celano/Salano.

## III. WESTCHESTER COUNTY DISTRICT ATTORNEY'S OFFICE

Plaintiff asserts claims against the Westchester County District Attorney's Office.

The District Attorney's Office, however, is not a legal entity capable of being sued. See Michels v. Greenwood Lake Police Dep't, 387 F. Supp.2d 361, 367 (S.D.N.Y. 2005). Accordingly, I conclude, and respectfully recommend, that all claims against the Westchester County District Attorney's Office must be dismissed.

## IV. DEFENDANT LIEBOWITZ

The County defendants assert that Westchester County Assistant District Attorney Maryanne Liebowitz is immune from liability. State prosecutors are entitled to absolute immunity if the actions giving rise to the suit were "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 430 (1976). Prosecutorial immunity extends to "virtually all acts, regardless of motivation, associated with [the prosecutor's] function as an advocate." Dory v. Ryan, 25 F.2d 81, 83 (2d Cir. 1994). Here, plaintiff appears to allege that defendant Liebowitz violated his civil rights in the course of prosecuting the criminal matter stemming from the August 2002 incident. Liebowitz, therefore, is entitled to absolute immunity.[3] Accordingly, I conclude, and respectfully recommend, that all claims against defendant Liebowitz must be dismissed.

## V. MUNICIPAL LIABILITY

In order to state a claim against a municipality pursuant to 42 U.S.C. § 1983, a plaintiff must demonstrate that the defendant violated his constitutional rights in pursuit

---

[3] In any event, plaintiff's allegations against defendant Liebowitz are vague and conclusory and, as such, cannot withstand a motion to dismiss.

of a "policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 690. Moreover, "local governments . . . may be sued for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's decision making channels." Id. at 691.

Here, taking all of plaintiff's allegations as true and drawing all reasonable inferences in his favor, plaintiff fails to state a cause of action under 42 U.S.C. § 1983 against defendant County of Westchester because he has pled no facts showing that he suffered a constitutional harm as a result of a County policy or custom. Accordingly, I conclude, and respectfully recommend, that all claims against the County of Westchester must be dismissed. As to defendant Village of Bronxville, however, plaintiff asserts (regarding the December 2001 incident) that Officer Bobker refused to investigate plaintiff's allegations against Nikic pursuant to the Bronxville Police Department's policy prohibiting the filing of cross-complaints. See Second Amended Complaint, ¶ 7. The Second Circuit has held that a blanket no cross-complaint policy "bears no rational relationship to the legitimate governmental interest in impartial law enforcement and thus violate[s] . . . equal protection." Myers v. County of Orange, 157 F.3d 66, 76 (2d Cir. 1998). Accordingly, I conclude, and respectfully recommend, that plaintiff has sufficiently alleged an equal protection claim against the Village of Bronxville.

## VI. CONSPIRACY

In order to survive a motion to dismiss a § 1983 conspiracy claim, plaintiff must

allege (1) an agreement between two or more persons, "(2) to act in concert to inflict an unconstitutional injury, and (3) an overt act done in furtherance of that goal causing damages." Ciambriello v. County of Nassau, 292 F.3d 307, 324-25 (2d Cir. 2002). Mere conclusory, vague or general allegations of conspiracy must be dismissed. See id. at 325. Here, apart from a vague and conclusory reference to conspiracy under "Nature of Action," plaintiff's Second Amended Complaint contains no allegations regarding the existence of a conspiracy between any of the defendants. Accordingly, I conclude, and respectfully recommend, that plaintiff's conspiracy claim must be dismissed.

## VII. ABUSE OF PROCESS

An abuse of process claim under § 1983 is governed by state law. See Cook v. Sheldon, 41 F.3d 73, 80 (2d Cir.1994). Under New York law, "a malicious abuse-of-process claim lies against a defendant who (1) employs regularly issued legal process to compel performance or forbearance of some act (2) with intent to do harm without excuse of justification, and (3) in order to obtain a collateral objective that is outside the legitimate ends of the process." Savino v. City of New York, 331 F.3d 63, 76 (2d Cir. 2003) (quotation and citation omitted). Here, plaintiff fails to allege that defendants "aimed to achieve a collateral purpose beyond or in addition to his criminal prosecution." See id. at 77. Accordingly, I conclude, and respectfully recommend, that plaintiff's abuse of process claim must be dismissed.

## VIII. COLLATERAL ESTOPPEL

Plaintiff alleges that Officer Bobker is liable for false arrest and malicious prosecution in conjunction with the December 2001 incident. Plaintiff previously asserted false arrest and malicious prosecution claims against the County of Westchester, the Westchester County District Attorney's Office and the Village of Bronxville in a state action filed in Westchester County Supreme Court (Index No. 19802/03). The state complaint was, in all substantive respects, identical to the instant Second Amended Complaint. See Exh. E attached to the village defendants' Notice of Motion. By Decision and Order entered March 4, 2005 (Dillon, J.), the state court dismissed plaintiff's state complaint on the grounds, *inter alia*, that it failed to state a cause of action. The state court specifically held:

> As noted above, the plaintiff alleges false arrest/imprisonment and malicious prosecution. It has been held that a cause of action for false arrest is essentially the same tort as false imprisonment with the imprisonment beginning at the time of arrest. The elements of the tort of false arrest are: 1) the defendant intended to confine the plaintiff, 2) the plaintiff was conscious of the confinement, 3) the plaintiff did not consent to the confinement, and 4) the confinement was not otherwise privileged. As warrantless arrests are presumptively unlawful, and here the arrests of the plaintiff were warrantless, the Village must show that the December 19, 2001 arrest was based upon probable cause in order to defeat the false arrest/false imprisonment claim. Here, the Bronxville Village Court, by Opinion dated October 20, 2002 (Wentzel, J.), implicitly found that probable cause existed to arrest the defendant on December 19, 2001 when it denied DePalma's motion to dismiss. DePalma was later convicted of leaving the scene of a personal injury accident in violation of Vehicle & Traffic Law §600. On October 14, 2003, DePalma's appeal of his conviction was dismissed by the Appellate Term for the Ninth and Tenth Judicial Districts. Accordingly, the false arrest/false imprisonment claims are without merit.
> The elements of the tort of malicious prosecution are: 1) the commencement or continuation of a criminal proceeding by the defendant against the plaintiff, 2) termination of the prosecution in favor of the accused, 3) absence of probable cause for the criminal prosecution, and

8

> 4) actual malice. Here, the plaintiff has failed to establish any of the aforesaid elements against the Village. First, the Village did not commence the criminal proceeding. Second, the prosecution resulted in DePalma's conviction for leaving the scene of an incident involving personal injury so that the proceeding did not terminate in his favor. Third, as explained above, probable cause existed to arrest the plaintiff. Fourth, despite DePalma's conclusory allegations, he has not established the existence of any actual malice. Thus, the claim of malicious prosecution lacks merit.

See Exh. G attached to the village defendants' Notice of Motion.

Pursuant to 28 U.S.C. § 1738, federal courts must accord state court judgments the same preclusive effect accorded by other state courts. See Yoon v. Fordham Univ. Faculty and Admin. Ret. Plan, 263 F.3d 196, 200 (2d Cir. 2001). "Under New York law, collateral estoppel applies when the issue as to which preclusion is sought is identical with the issue decided in the prior proceeding, the issue was necessarily decided in the prior proceeding, and the party against whom preclusion is presently sought had a full and fair opportunity to litigate the issue in the prior proceeding." Hernandez v. City of Rochester, 260 F. Supp.2d 599, 611 (W.D.N.Y. 2003) (citing Sullivan v. Gagnier, 225 F.3d 161, 166 (2d Cir. 2000)). The party seeking to apply collateral estoppel bears the burden of showing the issues are identical and were necessarily decided; the party opposing its application bears the burden of showing that the prior action did not afford a full and fair opportunity to litigate the issues. See Kulak v. City of New York, 88 F.3d 63, 72 (2d Cir. 1996).

A false arrest claim under § 1983 "is substantially the same as a claim for false arrest under New York law." Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996).[4]

---

[4] Plaintiff's false arrest and false imprisonment claims are synonymous in all relevant respects. See Covington v. City of New York, 171 F.3d 117, 125 (2d Cir. 1999).

9

Similarly, in order to succeed on a § 1983 malicious prosecution claim, a plaintiff must demonstrate tortious conduct under state law resulting in a constitutionally cognizable deprivation of liberty. See Singer v. Fulton County Sheriff, 63 F.3d 110, 116 (2d Cir. 1995). Therefore, the issues relevant to plaintiff's false arrest and malicious prosecution claims are identical under federal and state law. The state court determined that plaintiff's false arrest, false imprisonment and malicious prosecution claims were without merit; thus, the relevant issues were necessarily decided in the prior action.

Plaintiff, however, claims that he was denied a full and fair opportunity to litigate his claims because he was proceeding *pro se* in the state court action. "There is no simple, formulaic test for determining whether a losing party had a "full and fair" opportunity to litigate the relevant issues. Rather, the basic concern is one of fairness." Pack v. Artuz, 348 F. Supp.2d 63, 75 (S.D.N.Y. 2004) (quotation and citations omitted). The court must consider multiple factors in determining whether a prior proceeding was "full and fair," including "the nature of the forum and the importance of the claim in the prior litigation, the incentive and initiative to litigate and the actual extent of prior litigation, [and] the competence and expertise of counsel." Hickerson v. City of New York, 146 F.3d 99, 109 (2d Cir. 1998) (quotation and citation omitted).

Here, although plaintiff's *pro se* status is a relevant factor, it is not in and of itself dispositive of the issue of whether he had a "full and fair" opportunity to litigate. See Pack, 348 F. Supp.2d at 75. Plaintiff does not allege that he sought private counsel in the state proceeding; nor does he allege that he requested appointed counsel and that his request was denied. Should the federal claims of false arrest and malicious prosecution proceed, plaintiff would be afforded a second bite of the proverbial apple.

In sum, a balancing of the equities compels the determination that plaintiff is barred from relitigating the claims previously dismissed by the state court. Accordingly, I conclude, and respectfully recommend, that plaintiff's false arrest and malicious prosecution claims must be dismissed.

## IX. DEFENDANT GALLO

Plaintiff alleges that Detective Gallo violated plaintiff's constitutional rights because he refused to bring charges against Xhumallari or Celano/Salano in conjunction with the June 2003 incident. Contrary to plaintiff's assertion, "[a] private citizen does not have a constitutional right to compel government officials to arrest or prosecute another person." Fox v. City of New York, No. 03 Civ. 2268, 2004 WL 856299, at *8 (S.D.N.Y. Apr. 20, 2004). Accordingly, I conclude, and respectfully recommend, that all claims against defendant Gallo must be dismissed.

## X. PENDANT STATE CLAIMS

To the extent plaintiff alleges state claims against the County and Village defendants, said allegations are vague and conclusory. Accordingly, I conclude, and respectfully recommend, that all pendant state claims against the County defendants and the Village defendants must be dismissed.

## XI. CONCLUSION

For all of the foregoing reasons, I conclude, and respectfully recommend: (1) that the County defendants' motion should be granted and all claims against the County of Westchester, the Westchester District Attorney's Office and Assistant District Attorney Maryanne Liebowitz should be dismissed;  (2) that the Village defendants' motion should be denied as to the equal protection claim against the Village of Bronxville and granted in all other respects and all remaining claims against the Village of Bronxville, Detective Stephen Gallo and Officer Bobker should be dismissed.

**XII.  NOTICE**

Pursuant to 28 U.S.C. § 636(b)(1)(B), as amended, and Rule 72(b), Fed. R. Civ. P., the parties shall have ten (10) days from receipt of this Report  to serve and file written objections to this Report and Recommendation.  If copies of this Report are served upon the parties by mail, the parties shall have thirteen (13) days from receipt of this Report to file and serve written objections.  See Fed. R. Civ. P. 6(e).  Such objections, if any, shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of The Honorable Stephen C. Robinson at the United States District Court, Southern District of New York, 300 Quarropas Street, White Plains, New York, 10601, and to the chambers of the undersigned at said Courthouse.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered.  See Small v, Secretary of H.H.S., 892 F.2d 5, 16 (2d Cir. 1989).

Requests for extensions of time to file objections must be made to the Honorable

Requests for extensions of time to file objections must be made to the Honorable Stephen C. Robinson and not to the undersigned.

Dated: March 3, 2006
White Plains, New York

Respectfully Submitted,

_____
GEORGE A. YANTHIS, U.S.M.J.